DAVIS & SHAW FURNITURE CO., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 801.   Promulgated April 5, 1927.

*A. H. Laws, Esq.*, and *R. M. Crane, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for 1917, in the amount of $3,422.01. The deficiency letter appealed from also indicated overassessments of taxes for the years 1918 and 1919 in the respective amounts of $3,064.70 and $949.82. The deficiency and overassessments result from the change in the petitioner's method of accounting from the

accrual basis to the installment basis. It is alleged that the Commissioner erred in making this change effective in the year 1916, when the petitioner elected and sought to make the change effective as of the year 1917. The petition alleges that the three years, 1917, 1918, and 1919, are involved, and the respondent avers that there is no issue as to 1918 and 1919 and that the Board is without jurisdiction as to those two years.

### FINDINGS OF FACT.

The petitioner is a Colorado corporation with principal offices in the City of Denver.

For the year 1918 and years prior thereto the petitioner made returns of income upon the accrual basis. In the latter part of 1919 the petitioner filed amended returns for the years 1917 and 1918, reporting its income upon the installment basis. The amended return for 1917 reported income based upon estimates, since petitioner's records were inadequate to disclose the exact income for any year prior to 1918 upon the installment basis. Subsequent to the filing of the amended returns, the Commissioner caused several investigations and audits of the petitioner's records and returns to be made. The Commissioner advised the petitioner that its income might be reported upon the installment basis instead of the accrual basis, but that the change should be made effective as of the year 1916, and requested information relative to the income for 1916, 1917, 1918, and 1919. The petitioner was unable to supply the information as to income for 1916 and 1917 with exactness, and the Commissioner requested that as to those years estimates be submitted. The Commissioner thereupon recomputed the taxes for those years and determined for 1917 a deficiency of $3,422.01; for 1918 an overassessment of $3,064.70; and for 1919 an overassessment of $949.82. The petitioner prosecuted this appeal from this determination.

### OPINION.

VAN FOSSAN: The petition alleges that the taxes in controversy are income and profits taxes for the years 1917, 1918, and 1919. The determination of the respondent from which this appeal is taken found a deficiency for 1917 and overassessments for 1918 and 1919. The respondent has moved to dismiss the appeal as to 1918 and 1919 on the ground that no deficiencies for those years having been determined, the Board is without jurisdition. It appearing that no deficiencies were determined for 1918 and 1919 and such determination being a condition precedent to the jurisdiction of this Board,

the motion of the respondent to dismiss the appeal as to 1918 and 1919 is granted. See *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The only deficiency here in controversy is for the year 1917. The error complained of is that the respondent computed 1916 income upon the installment basis, resulting in increased income and taxes for 1917.

Such evidence as there is before us consists of a narrative of the petitioner's efforts to substitute the installment for the accrual basis in computing its 1917 taxes, and the ensuing action relative thereto taken by the respondent. No testimony, or other evidence, was offered to show what is the true income and correct tax for 1917, or wherein the computation by the respondent of the income and tax for that year is erroneous. It is not enough for the petitioner to say merely that the respondent changed the method of computing income employed by it in a prior year and that he had no authority so to do. The petitioner's position in this case is, in effect, that the respondent *must* accept the basis employed by petitioner, which manifestly is untenable and without support in law. It is the respondent's duty, and *a fortiori* he has the authority, to determine and assess the tax upon true net income, and if the petitioner's method of computation does not clearly reflect the true net income, it is the respondent's duty, and he has the authority, to compute the same upon such basis as will most correctly reflect true income. In the absence of specific facts relative to income, the method of computation employed by the petitioner and the method of computation used by the respondent, this Board is unable to determine whether or not the respondent's computation is erroneous.

The burden is upon the petitioner to prove by competent evidence that the respondent erred in his determination of the deficiency. This it has failed to do.

*Judgment will be entered for the respondent.*